UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICANOR MEJIA GARCIA, ) | |
| ) | CASE NO. C09-96-MJP-MAT |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER DENYING RESPONDENTS' |
| ) | MOTION FOR RECONSIDERATION |
| ) | |
| ERIC H. HOLDER, JR., Attorney General of ) | |
| the United States, et al., ) | |
| ) | |
| Respondents. ) | |

This matter comes before the Court on respondents' Motion for Reconsideration. (Dkt. 33). Respondents asks the Court to reconsider its previous Order granting petitioner's motion to compel discovery, Dkt. 32, based on new evidence that petitioner was released on his own recognizance on May 4, 2009. (Dkt. 33, Exs. A & B). Respondents assert that because petitioner is no longer detained by the U.S. Immigration and Customs Enforcement ("ICE"), his habeas petition has become moot and should be dismissed. *Id*. Respondents assert that because petitioner's habeas petition has become moot, his motion to compel discovery should now be denied. *Id*. Petitioner responds that he never requested release from detention, but instead "seeks the performance of a contract ratified by the government for lawful permanent resident status in exchange for cooperation in a criminal investigation." (Dkt. 36 at 1).

ORDER DENYING RESPONDENTS'
MOTION FOR RECONSIDERATION
Page - 1

Having reviewed respondents' motion, petitioner's response, and the remainder of the record, this Court hereby finds and ORDERS:

(1) Respondents' Motion for Reconsideration (Dkt. 33) is DENIED. By local rule, motions for reconsideration are disfavored and the court will ordinarily deny such a motion in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. Local Rule CR 7(h).

The habeas corpus statue provides that "the writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody under or by color of the authority of the United States . . ." 28 U.S.C. § 2241. The federal courts have held that a person released on his own recognizance is 'in custody" for purposes of the habeas corpus statute. *Hensley v. Municipal Court*, 411 U.S. 345, 351(1972). *See also Williams v. INS*, 795 F.2d 738, 744 n.3 (9th Cir. 1986) (extending the Supreme Court's holding in *Hensley* to habeas petitions in the immigration context). Although petitioner is not in physical custody, his immigration proceedings are ongoing and petitioner is required to appear at his removal hearing in Seattle, Washington on June 9, 2009. (Dkt. 36, Ex. A). Accordingly, the Court finds that petitioner remains "in custody" for purposes of the habeas corpus statute and that his habeas corpus petition is not moot.

(2) Respondents shall answer the outstanding discovery requests by June 12, 2009.

(3) The Clerk shall re-note respondents' motion to dismiss for consideration on August 10, 2009.

(4) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 3rd day of June, 2009.

                                        s/ Mary Alice Theiler
                                        United States Magistrate Judge